UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RINCON-COVARRUBIAS,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | ) Case No.: ED CV 13-1733-PJW<br>)<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance Benefits ("DIB").  He claims that the Administrative Law Judge ("ALJ") erred when he found that Plaintiff could perform his past work as a labor supervisor. For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

## II.   SUMMARY OF PROCEEDINGS

In January 2011, Plaintiff applied for DIB, alleging that he had been disabled since December 2010, due to spondylitis and

1

a lumbosacral strain.  (Administrative Record ("AR") 154-62, 176.)  The Agency denied the applications initially and on reconsideration.  (AR 61-85.)  Plaintiff then requested and was granted a hearing before an ALJ.  (AR 89-92.)  On May 29, 2012, he appeared with counsel and testified at the hearing.  (AR 36-60.)  The ALJ subsequently issued a decision denying benefits.  (AR 24-31.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 2-17.)  He then commenced this action.

## III.   ANALYSIS

The ALJ determined that Plaintiff had the residual functional capacity to perform medium work but was restricted from climbing ladders and scaffolds.  (AR 27.)  He concluded that Plaintiff could perform his prior job as a construction labor supervisor as it is generally performed in the economy and as he performed it.  (AR 30.)  Plaintiff claims that the ALJ erred in doing so.  For the following reasons, the Court agrees.

As generally performed, the job of construction labor supervisor requires occasional climbing of, among other things, ladders and scaffolds.  *See* Dictionary of Occupational Titles, No. 850.137-014 (explaining construction labor supervisor job requires climbing up to one-third of the time); and The Revised Handbook for Analyzing Jobs, at 12-4 (defining climbing to include ascending and descending ladders and scaffolding).  Obviously, then, Plaintiff cannot perform the job as generally performed in the economy.

Nor can he perform the job as he did in the past because he had to stand and walk for eight hours a day (AR 178) and the ALJ limited him to medium work (AR 27), which requires standing and

walking for up to six hours a day.  *See* Social Security Ruling 83-10.  (AR 27, 178.)  Thus, the ALJ erred in determining that Plaintiff could perform the job of labor supervisor as generally performed or as Plaintiff had performed it.

The only issue that remains is whether the error was harmless, i.e., was it inconsequential to the ultimate decision that Plaintiff was not disabled.  *See, e.g., Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).  The Agency argues that it was because the ALJ determined that Plaintiff could perform other jobs.  (Joint Stip. at 16.)  Again, the Court disagrees.  Though the vocational expert testified that Plaintiff could perform other jobs, with some limitations, (AR 54-59), the ALJ never mentioned those jobs in his decision.  And the Court cannot fill in that finding for the ALJ.  For these reasons, the Court reluctantly remands this case to the Agency for further proceedings.[1]

---

[1] The Court's reluctance is due to the fact that it appears pretty clear from the record that Plaintiff is not disabled.  The best evidence of this is his testimony.  As he explained at the hearing, the reason he stopped working was because he was laid off from his job when there was no more work at his company, not because he was injured.  (AR 41.)  Had he not been laid off, he would have kept working.  (AR 41.)  And, after he was laid off, he applied for and received worker's compensation benefits (AR 41), which required him to certify that he was ready, willing, and able to work.  Cal Unemp. Ins. Code § 1253(c), (e).  Further, the treating records in this case are almost non-existent.  They make up only 18 pages of the 237-page administrative record.  Needless to say, no doctor ever concluded that Plaintiff was disabled.  In fact, the only doctor who ever offered an opinion, the examining doctor, found that Plaintiff was capable of heavy work.  (AR 210-14.)  All that being said, the Court is not at liberty to make findings at this stage and conclude that Plaintiff could perform other jobs and, therefore, is not disabled.

IV. CONCLUSION

The Agency's decision is reversed and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: December 23, 2014



PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\TORRES\Memo Opinion and Order.docx